No. 9470

First Circuit

VALLEE v. PESSON

(February 12, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Appeal—Par. 625; Bills and Notes—Par. 231, 243.

The finding of the trial court that the preponderance of evidence showed that there was no consideration to a note, being clearly correct, is affirmed.

2. Louisiana Digest—Bills and Notes—Par. 44.

In view of Article 1893 of Civil Code, a note without consideration in the hands of the payee is without effect against the maker.

Appeal from the District Court, Parish of Vermilion. Hon. W. W. Bailey, Judge.

Action by Louis Vallee against Mrs. Josephine Bayard Pesson.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Nugier and Gordy, of Abbeville, attorneys for plaintiff, appellant.

J. E. Kibbe, of Abbeville, attorney for defendant, appellee.

ELLIOTT, J. Suit one note alleged to have been executed by defendant in payment of advances made to her minor son.

Louis Vallee instituted suit against Mrs. Josephine Bayard Pesson, wife of E. G. Pesson, on a note for six hundred dollars, which he alleges she executed, with the authority of her husband, in payment of the amount of his advances to her son, Denis Pesson, who was engaged in farming at the time, and that plaintiff had advanced him the amount named for that purpose. The note bears date December 1, 1920. Suit was filed November 28, 1925, accompanied by supplemental allegations for an attachment on the ground that defendant had left or was about to leave the state permanently.

The defendant, answering, denied that she was indebted to the plaintiff; alleged that the note sued on was blank at the time she signed it, on plaintiff's representations; that it was on her part an abandonment of her homestead rights on a

tractor and some mules on account of which her husband was indebted to the plaintiff, and that he was taking a chattel mortgage on the tractor and mules from her husband at the same time. She denied that her son, Denis Pesson, was engaged in farming at that time, and denied plaintiff's averment that he had made advances to him for such a purpose as alleged in his petition. She alleged that her son had never farmed for the plaintiff, that he was only eighteen years old at the time. She denied signing a note for the purpose of guaranteeing her son's debts. That plaintiff did not inform her that her son owed him anything and that the note signed is blank was a personal responsibility on her part. That she did not know the amount of the note until it was placed in the hands of attorneys for collection. That her husband, E. G. Pesson, had farmed for plaintiff during the year 1920.

In the alternative, and in case it was held under the above facts that she had actually signed a note and that her signature was binding on her, she then, in that event, alleged that it was taken as a collateral to secure the indebtedness of her husband, and that plaintiff resorted to what was done in order to obligate her separate and paraphernal property for the debts of her husband, or for their community; that the note was, on that account, not binding on her.

Plaintiff's allegations that the note sued on was executed by defendant in his favor in payment of the amount of his advances to Denis Pesson, who was engaged in farming, and to whom he had advanced for that purpose, is not in accord with the preponderance of the testimony on that subject. It is not even sustained by his own testimony. His testimony is that the note does not evidence advances made; he says that neither the defendant nor any one of her family owed him a cent at the time the note was signed; but the amount was to be used by her son in raising a rice crop on land which her son had leased from R. J. Vallee, plaintiff's son. About the only matter in which the plaintiff is supported in his evidence is his statement that Denis Pesson was 16 or 17 years old at the time. The defendant says that her son was 18 years old at the time. Plaintiff testifies that he wrote the note and that defendant signed in two or three days afterwards, not in his presence, but that, after writing it, he gave it to Miss Pesson (meaning, we think, Mrs. Pesson), and he presumed that it was signed at her residence. That he was not present when it was signed by E. G. Pesson. Defendant and her daughter both testify that plaintiff handed defendant a blank note in front of his store, representing to her that it was for the purpose of waiving her homestead rights on a tractor and some mules on account of which her husband owed him, and that defendant signed it in plaintiff's presence, sitting in her buggy in front of his store. Plaintiff asked about his dealings with E. G. Pesson, defendant's husband, in 1920, as we interpret the testimony, supplementing a few words which appear to have been inadvertently omitted in reducing it to writing, says that E. G. Pesson came to him and said that, in addition to the advances which the plaintiff had made to his wife, that his son would be in need of more money, and that he would like to open up an account with the Vallee Company for the future needs of his son, and gave the Vallee Company a chattel mortgage on a tractor for the purpose of securing advances to be made to his son. That E. G. Pesson did not owe him anything at the time plaintiff identified the act of chattel mortgage in the record marked D-I as the chattel

mortgage which E. G. Pesson had executed for the purpose, and the act shows that, in addition to the mortgage on a tractor, the mortgage included two mules, and the act states that the mortgage is for the purpose of securing an existing indebtedness of six hundred dollars due the Vallee Company by E. G. Pesson. The declarations contained in this act are not in accord with plaintiff's testimony. Plaintiff states, as a witness, that E. G. Pesson did not owe him anything at the time the mortgage was granted; that the six hundred dollars which E. G. Pesson had arranged for was to be advanced to his son, Denis Pesson, to enable him to make a rice crop on land which Denis Pesson had leased from R. J. Vallee, plaintiff's son.

The decided preponderance of the evidence is to the effect that Denis Pesson did not make any rice crop in 1920, as alleged by the plaintiff. That he never leased any land for such a purpose and never undertook anything of the kind. The evidence shows that E. G. Pesson and a man named Abshire leased land from plaintiff that year and made a rice crop, and that Denis Pesson worked in the crop as a minor member of his father's family. The only evidence that plaintiff adduced to show that Denis Pesson made a rice crop are some warehouse receipts for rice delivered at a warehouse. The evidence on the subject is to the effect that Denis Pesson drove the truck that hauled the rice to the warehouse, which his father and Mr. Abshire had made. That it was customary for the drivers to obtain receipts in their names to show that they had delivered the rice sent to the warehouse. Plaintiff did not produce on the trial any account showing advances by him or the Vallee Company to Denis Pesson for that year or at any other time, nor as advanced to anybody else. As he was dealing with a minor, who he supposed to be sixteen or seventeen years of age, it was incumbent on him to keep an account of what he had advanced to him. The preponderance of the evidence is that plaintiff did not advance Denis Pesson anything as he claims in his petition and that the note sued on is without consideration. A note without consideration is in the hands of the payee, without effect against the maker. Civil Code, Art. 1893. It fact, the plaintiff has not deemed it worth while to support his demands by a brief. We find no error in the judgment appealed from. Judgment affirmed, plaintiff and appellant to pay the cost in both courts.